UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HERNAN FORTEZA,

    Plaintiff,

v.                                              Case No:   6:19-cv-754-Orl-18GJK

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**REPORT AND RECOMMENDATION[1]**

    Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner") discontinuing his disability insurance benefits. Upon a review of the record, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**.

**I. Background**

    On June 12, 2009, Plaintiff applied for Social Security Disability Insurance under Title II of the Social Security Act, 42 U.S.C. § 423, and received a favorable decision on June 8, 2010 (Tr. 133-42, 378-79). On May 22, 2014, Plaintiff was informed his disability had ceased (Tr. 176-80). Plaintiff filed a Request for Reconsideration on June 4, 2014, and on October 3, 2014, a hearing officer determined that Plaintiff's disability benefits should be terminated (Tr. 182-83, 195-202). On October 17, 2014, Plaintiff requested a

---

[1] Judge Smith is temporarily handling this case in the place of Judge Kelly.

rehearing (Tr. 213).

The hearing was held before Douglas Walker, Administrative Law Judge ("ALJ") on July 27, 2015 (Tr. 119-32). The ALJ denied rehearing on August 26, 2015 (Tr. 146-67). Plaintiff filed a Request for Review of Hearing Decision, and the Appeals Council remanded the case for further review on September 13, 2016 (Tr. 168-71).

The ALJ held hearings on January 25, 2017, and September 28, 2017 (Tr. 71-118). On December 18, 2017, the ALJ issued an unfavorable decision (Tr. 34-60). The case was again appealed to the Appeals Council, but the Appeals Council denied the Request for Review on February 14, 2019 (Tr. 1-9).

The case is ripe for review pursuant to 42 U.S.C. § 405(g), and has been referred to me for issuance of a report and recommendation.

## II. The ALJ's Decision

The Commissioner periodically reviews claimants' entitlement to benefits to determine whether their disability has ended. 20 C.F.R. § 404.1594(a). When making this determination, the ALJ must follow an eight-step sequential inquiry to determine: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has an impairment or combination of impairments that meets or equals one listed in the regulations; (3) whether there has been medical improvement;[2] (4) whether such medical improvement is related to the claimant's ability to do work; (5) if the ALJ finds at step three that there has been no medical improvement or at step four that the medical

---

[2] "Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with your impairment(s)." 20 C.F.R. 404.1594(b)(1).

- 2 -

improvement is not related to the claimant's ability to work, then the ALJ considers whether any exceptions apply to the requirement that there has been "medical improvement" related to the claimant's ability to do work; otherwise, the ALJ proceeds to step six; (6) whether the claimant's current combination of impairments is severe; (7) whether the claimant can perform past relevant work; and (8) whether the claimant can perform other work that exists in the national economy. 20 C.F.R. § 404.1594(f); see also, e.g., Senior v. Colvin, 3:12-cv-589-J-12-JRK, 2013 WL 4781044, at *3 (M.D. Fla. Sept. 6, 2013). "[T]he burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the [claimant] had experienced 'medical improvement.'" Olivo v. Colvin, 6:16-cv-259-Orl-40JRK, 2017 WL 708743, at *2 (M.D. Fla. Jan. 30, 2017) (citations omitted), report and recommendation adopted, 2017 WL 700367 (M.D. Fla. Feb. 22, 2017).

The ALJ performed the required sequential analysis in this case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity through July 1, 2014, the date his disability ended (Tr. 42). At step two, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in the Regulations (Tr. 42). At step three, the ALJ found that medical improvement occurred as of July 1, 2014 (Tr. 44). At step four, the ALJ decided that the medical improvement was related to Plaintiff's ability to work "because it resulted in an increase in [Plaintiff's] residual functional capacity [("RFC")] ...." (Tr. 51). Because the ALJ found that the medical improvement related to Plaintiff's ability to work, the fifth step did not apply and the ALJ proceeded to the sixth step (Tr. 41). At step six the ALJ determined that Plaintiff's current combination of

impairments is severe (Tr. 51). At step seven, the ALJ found that Plaintiff had the following RFC as of July 1, 2014:

> [L]ess than the full range of sedentary work as defined in 20 CFR 404.1567(b). The claimant is able to perform work which is simple and unskilled, with routine, repetitive 1-3 step instructions; stand and walk for total of 2 hours, and sit for a total of 6 hours in an 8-hour workday. The claimant further requires a sit/stand option while remaining at the workstation on an at will basis (this option means that the claimant could alternate sitting/standing while performing his assigned duties). He should, however, avoid frequent ascending and descending of stairs, and should avoid frequent pushing and pulling motions with the lower extremities within the aforementioned weight restrictions. Due to mild to moderate pain and medication side effects, he should avoid hazards in the workplace such as unprotected areas of moving machinery, heights, ramps, ladders, and scaffolding, and unprotected areas of holes and pits on the ground. He can occasionally balance, stoop, crouch, kneel, and crawl, but is to avoid climbing. Further, the claimant has moderate non-exertional mental limitations which affect his ability to concentrate upon complex and detailed tasks, but he remains capable of understanding, remembering, and carrying out the above job instructions, making work related judgments and decisions, responding appropriately to supervision, coworkers, work situations, and dealing with changes in a routine work setting. Lastly, the claimant should be allowed to use a medically required hand held assistive device to ambulate, although it is not necessary to use one at the work station.

(Tr. 44-45). Then, the ALJ decided that Plaintiff could not perform his past relevant work as of July 1, 2014 (Tr. 51). Finally, at step eight, the ALJ found that Plaintiff could perform a significant number of jobs in the national economy, including bench handler and assembler (Tr. 52-53).

Based on these findings, the ALJ ruled that Plaintiff's disability ended as of July 1, 2014, and he has not become disabled again since then (Tr. 53).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### IV. Discussion

Plaintiff argues that the ALJ erred in failing to state the weight he assigned to the opinion of Plaintiff's treating physician, Dr. Reyes-Matos (Doc. 27, at 15). Whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the

claimant can still do despite his impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel, 631 F.3d at 1178–79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). When evaluating a physician's opinion the ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician *unless there is good cause to do otherwise*. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause to disregard an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440.

The ALJ did not state the weight he gave Dr. Reyes-Matos's opinion (Tr. 34-60). But, based upon the ALJ's discussion he clearly reviewed and considered the doctor's opinion. First, the ALJ discussed the doctor's July 10, 2017 evaluation of Plaintiff, which the ALJ said "showed that the [Plaintiff's] treatments for low back pain, cervical radiculopathy and degeneration of intervertebral disc disease and cervicalgia were Tramadol and physical therapy and that the [Plaintiff] had not been compliant ...." (Tr. 47). Although the July 10, 2017 opinion does not state that Plaintiff was not compliant,

Dr. Reyes-Matos's clinical notes state this and that a goal for Plaintiff is to take medication as directed (Tr. 598, 602, 605, 606, 610).

Later in his decision, the ALJ provided the following summary of Dr. Reyes-Matos's opinion of Plaintiff's condition:

> is able to lift less than 10 pounds consistently throughout the workday, carry 10-20 pounds consistently throughout the entire workday; is able to stand for less than 20 minutes, walk for 20-40 minutes; would miss 3 or more days of work per month due to his medical problems; would need to leave early from work three or more times per month due to his medical problems; would need additional breaks during the day; that due to pain, side effects of medication or psychiatric problems, the claimant has trouble with concentration and that he would not be able to focus for more than 3 days per month for at least 7 out of 8 work hours, and that he needs to elevate fee[t] for 10 minutes per hour (Ex. B23F).

(Tr. 49-50).

After summarizing the doctor's opinion, the ALJ found that it was "not consistent with the manner in which the Agency defines a claimant's abilities to perform work related activities. Additionally, it is not consistent with Dr. Reyes-Matos'[s] own recorded clinical notes which were indicative of only minor deficits in the [Plaintiff's] functioning." (Tr. 50).

Next, Plaintiff argues that because the ALJ did not properly weigh Dr. Reyes-Matos's opinion, the hypothetical question posed to the vocational expert and relied on by the ALJ is not supported by the record (Id., at 28). Because I find only harmless error in connection with the treatment of the doctor's opinion, I conclude that the hypothetical question was not flawed.

Plaintiff complains that the ALJ failed to state the weight he gave Dr. Reyes-

- 7 -

Matos's opinion (Doc. 27, at 12-19).[3] Similarly, in Brito v. Commissioner, Social Security Administration, 687 F. App'x 801, 804 (11th Cir. 2017), the ALJ failed to assign a specific weight to the claimant's treating psychiatrist's opinion. The Eleventh Circuit held that this was not reversible error because "the ALJ's discussion of [the doctor's] opinions was stated with 'at least some measure of clarity' sufficient to review the grounds for his decision." Id. (quoting Winschel, 631 F.3d at 1179). Additionally, substantial evidence supported affording the opinions little and less than controlling weight because the opinions were inconsistent with the psychiatrist's contemporaneous treatment notes. Id.

Here, it is clear from the ALJ's discussion that he discounted Dr. Reyes-Matos's opinion because it was inconsistent with how the Defendant defines the ability to perform work-related activities and because it was also inconsistent with the doctor's notes (Tr. 50). The decision to give the opinion little or no weight because it is inconsistent with Dr. Reyes-Matos's notes is supported by substantial evidence. The doctor's notes do not include limitations on Plaintiff's ability to function and affirmatively state that Plaintiff was in no apparent distress (Tr. 598, 602, 605, 606, 608). For these reasons, I recommend the Court find that the ALJ's failure to specifically state the weight afforded Dr. Reyes-Matos's opinion is harmless error.

Plaintiff's final argument is that the ALJ failed to give specific reasons supporting his determination to discount Plaintiff's statements about his medical condition (Doc. 27, at 29-31). A close reading of the ALJ's decision belies Plaintiff's contention. The ALJ

---

[3] Plaintiff does not argue that the ALJ did not adequately support his decision to give Dr. Reyes-Matos's opinion little to no weight (Doc. No. 27 at 12-19).

gives at least four reasons for finding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are only partially consistent with the [medical evidence of record] ...." (Tr. 46).

First, the ALJ said "the record is only partially consistent with the [Plaintiff's] allegations of numbness given normal sensory and neurological evaluations throughout." (Tr. 46). Then, the ALJ noted that the most recent radiological evidence did not show deterioration, but did show improvement when compared with earlier studies (Tr. 46).

Second, concerning Plaintiff's depression, the ALJ found that he received treatment only recently and did not comply with the prescribed remedies (Tr. 46).

Third, as to Plaintiff's spinal problems, the ALJ wrote:

> This record is only partially consistent with the degree of impairment the [Plaintiff] alleges now. Radiological studies of the [Plaintiff's] back and neck since the CPD are not indicative of significant deterioration and show only moderate left neural foraminal narrowing due to uncovertebral joint hypertrophy at C6/7, and only mild spondylosis at LS with grade I anterior spondylolisthesis of L5 on S1 (Ex. B10F).

(Tr. 46).

Fourth, the ALJ discounted Plaintiff's claims regarding his "disabling pain and radiating numbness" because the MRI of his cervical spine "showed only moderate spinal stenosis at C6-7; mild right and moderate left neural foraminal narrowing at C6/7; focal central disc protrusion and only mild spinal stenosis at C3-4, and disc bulging and disc osteophyte complex at CS/6 causing only mild spinal stenosis (Ex. B14F/6-7, B15F/37-38)." (Tr. 46).

These are specific reasons for discounting Plaintiff's statements regarding his

condition. I therefore recommend that this argument be rejected.

## V. Recommendation

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the final decision of the Commissioner be **AFFIRMED**, and that the Clerk be directed to enter judgment for Defendant and close the case.

## VI. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida, on March 5, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties